UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Abram D. Braveboy, ) | C/A No. 8:11-2075-TMC-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Abram D. Braveboy ("Petitioner"), a state prisoner proceeding *pro se*, seeks habeas relief pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review habeas petitions for relief and submit findings and recommendations to the District Court. Having carefully considered the Petitioner's submissions in this case, the Court recommends that the Petition be dismissed.

## FACTUAL AND PROCEDURAL HISTORY

On June 4, 2002, Petitioner pled guilty in a South Carolina Court of General Sessions to armed robbery, attempted armed robbery, and conspiracy to commit armed robbery, and was sentenced to thirty-five years imprisonment. ECF No. 1 at 2. He did not file a direct appeal of his conviction or sentence, and the time to seek direct review expired on June 15, 2002. *Id*. at 3. The Petition indicates Petitioner filed a state post conviction relief ("PCR") action on May 25, 2010, which was dismissed on January 14, 2011. *Id*. at 4, 7. Petitioner filed for a writ of certiorari in the South Carolina Supreme Court, which was denied April 28, 2011. *Id*. at 5.

On August 4, 2011, Petitioner signed his Petition under 28 U.S.C § 2254 for Writ

of Habeas Corpus. *Id*. at 15. The § 2254 Petition presents three grounds for habeas relief. The first ground is prosecutorial misconduct based on the allegation that the state prosecutor proceeded on void indictments. *Id*. at 6. The second ground is lack of subject matter jurisdiction, again based on the allegation that the indictments were void. *Id*. at 7-8. The third ground is newly discovered evidence based on the allegation that Petitioner first discovered the defects in the indictments in April of 2010. *Id*. at 9. In response to the question of timeliness of the federal habeas action, the § 2254 Petition states, verbatim:

> All petitions have been timely filed under case no. 2010-CP-400-3450, according to 'newly discovered evidence.' Due to the lack of knowledge of law and rights, is why previous application for (P.C.R.) was denied according to one year statute of limitations before the year of 2010.

*Id*. at 14. The § 2254 Petition seeks the following relief: "vacating his conviction and sentence based on defective indictments, broken chain of custody, and no arrest warrant for a handgun." *Id*. at 15.

The § 2254 Petition appeared to be untimely filed, so on September 15, 2011, an Order to Show Cause was issued to the Petitioner requiring him to file "a factual explanation to show cause why his petition should not be dismissed based on the application of the one year limitation period established by 28 U.S.C. § 2244(d)." ECF No. 10. Petitioner responded to the Order by filing a two page document titled "Petitioner's Motion to Supplement the Appendix for Federal Habeas Corpus Relief," with eight-nine pages of attachments, all of which are filed as a "supplement" to the § 2254 Petition. ECF No. 14. The two page "supplement" document does not address the issue of timeliness, but instead reiterates the arguments presented as the three grounds for habeas relief in the § 2254 Petition. *Id.* The attachments to the "supplement" include copies of the

2

warrants and indictments from Petitioner's criminal case, as well as copies of correspondence from 2010 requesting information in reference to Petitioner's criminal case. ECF No. 14-1. The "supplement" also includes a document titled "Petitioner Motion in Opposition to the Respondent's Return and Motion for Summary Judgement," which is presented in the form of a brief with arguments for the grounds raised in the Petition, but no factual allegations concerning the timeliness of the Petition. ECF No. 14-2. The Show Cause Order warned Petitioner that "[u]nless Petitioner provides facts concerning the issue of timeliness of his petition that would be a conclusive factor in preventing dismissal based on the limitations bar, this case will be recommended for dismissal." *Id*.

## *PRO SE* HABEAS REVIEW

This court is charged with screening Petitioner's habeas Petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. The Petition is subject to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, including the time limit established for filing a § 2254 petition. *See* 28 U.S.C. § 2244(d). Petitioner is proceeding *pro se*, therefore the court is required to construe his Petition liberally, because *pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under this less stringent standard, however, the *pro se* Petition is still subject to summary dismissal. *Haines*, 404 U.S. at 520-21. A court may *sua sponte* dismiss a habeas petition if untimeliness is evident on the face

of the petition, and the petitioner is first given a warning and the opportunity for explanation before dismissal. *Hill v. Braxton*, 277 F.3d 701, 706-7 (4th Cir. 2002); *see also Day v. McDonough*, 547 U.S. 198, 209-10 (2006)(district courts are permitted to *sua sponte* consider timeliness of a § 2254 petition).

## DISCUSSION

**Statute of Limitations**

Pursuant to the AEDPA, an inmate who is incarcerated "pursuant to the judgment of a State court" and who seeks federal post-conviction habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S.Ct.

1807, 161 L.Ed.2d 669 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. *Id*. at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be timely if the petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, ——U.S. ——, ——, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances ... could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id*. at 2563.

**Expiration of Limitations Period**

Petitioner did not file a direct appeal of his convictions and sentence entered on June 4, 2002. Therefore, the state court judgment became final upon the expiration of the ten-day period in which he could have filed a direct appeal, which was Monday, June 17, 2002. *See* Rule 203(b)(2), SCACR. The statute of limitations for Petitioner's § 2254 Petition began to run on June 17, 2002. *See* 28 U.S.C. § 2244(d)(1)(A)("the date on which

the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Although a direct appeal was not filed, the Petition indicates a state PCR action was filed on May 25, 2010. A properly filed state court post-conviction action can toll the one-year period to file a § 2254 petition. 28 U.S.C. § 2244(d)(2). However, a state PCR action is not properly filed if the application is untimely under state law. *See Pace*, 544 U.S. at 414. Petitioner explains that the "previous application for (P.C.R.) was denied according to one year statute of limitations." ECF No. 1 at 14. Statutory tolling under § 2244(d)(2) does not apply in this case because the state PCR action was not properly filed.

Petitioner's claims of "newly discovered evidence" appear to argue that the one-year period to file his § 2254 Petition did not commence until Petitioner's discovery of the alleged defects in his indictments in 2010, so his Petition is timely. *Id.* Liberally construing the Petition, Petitioner contends that the date in April or May of 2010, when he received copies of the warrants and indictments in his criminal case, constitutes "the date on which the factual predicate of the claim or claims presented could have been discovered through due diligence." 28 U.S.C. § 2244(d)(1)(D). Therefore, the date from which the one-year statute of limitations should be calculated is in 2010 and not 2002. The Fourth Circuit has found that the one-year period to file a petition is triggered under § 2244(d)(1)(D) when the petitioner could have discovered the factual predicate of his claim "through public sources." *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir.2003). The relevant inquiry, therefore, focuses upon "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Owens*, 235 F.3d at 359.

6

The Petition, as well as Supplement, reveal that Petitioner sent letters requesting information concerning his warrants and indictments to the Clerk of Court of Richland County on March 11, 2010; March 18, 2010; April 1, 2010; and April 9, 2010. ECF No. 1 at 9; ECF No. 14-1 at 2-6, 43. Petitioner also requested information from the South Carolina Law Enforcement Division on March 30, 2010, in reference to his criminal case. ECF No. 14-1 at 40-2, 44. Petitioner does not explain in the Petition, or Supplement, why he waited until March of 2010 to seek the public records concerning his criminal case. The Petition does state that "due to the lack of knowledge of law and rights" his PCR action was untimely. ECF No. 14 at 15. However, even if this argument is applied to the timeliness of his § 2254 Petition, his lack of knowledge of the law is not sufficient to excuse the application of the statutory time limit. Based on the foregoing, the court concludes that the limitations period is governed by subparagraph (A), rather than subparagraph (D) of § 2244(d)(1). Consequently, June 17, 2002, is the date on which the statute of limitations began to run, and statutory tolling under § 2244(d)(2) is not applicable.

**Equitable Tolling**

Although the limitations period is not statutorily tolled, Petitioner's § 2254 Petition may nevertheless be timely if he can demonstrate that he is entitled to equitable tolling of the limitations period. Petitioner is entitled to equitable tolling of § 2254's statute of limitations only upon a showing that (1) he has pursued his rights diligently and (2) some extraordinary circumstance precluded a timely filing. *Holland*, 130 S.Ct. at 2562. The Petition indicates that the only action Petitioner has taken since his guilty plea in June 2002 was to file a PCR action and appeal in the South Carolina courts in 2010. Despite being

warned in a Show Cause Order that his Petition appeared untimely, Petitioner provided no allegations or arguments concerning timeliness in his response to the Show Cause Order. Petitioner has failed to articulate the existence of extraordinary circumstances that impeded his ability to file a timely habeas petition in federal court since 2002. Petitioner, therefore, is not entitled to equitable tolling of the limitations period.

Based on the foregoing, the court concludes that Petitioner's § 2254 Petition is time barred under the AEDPA's one-year limitations period. Under Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," so the Petition in this case should be dismissed.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the Petition under 28 U.S.C § 2254 for Writ of Habeas Corpus be DISMISSED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin

Jacquelyn D. Austin
United States Magistrate Judge

December 5, 2011
Greenville, South Carolina

**The Petitioner's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 E. Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).