IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Abram D. Braveboy,                  )
                                    )          C/A No. 8:11–2075-TMC
                  Petitioner,       )
                                    )
        v.                          )          **OPINION & ORDER**
                                    )
                                    )
                                    )
Warden Leroy Cartledge,             )
                                    )
                  Respondent.       )
_____ )

Abram D. Braveboy ("Petitioner"), a state prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   This matter is before the Court on Magistrate Judge Jacquelyn D. Austin's Report and Recommendation filed December 5, 2011, recommending that this petition be dismissed as untimely. (Dkt. # 18).

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court.   The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file objections to the Report and Recommendation.  (Dkt. # 18 at 9). On December 19, 2011, Plaintiff filed objections to

the Report and Recommendation. (Dkt. # 20).

## Applicable Law

Since Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). The AEDPA imposes a one-year limitations period on habeas applications by persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs

from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In rare circumstances, the one-year limitations period may be equitably tolled, but "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## Procedural History

Petitioner is currently incarcerated at the McCormick Correctional Institution. On June 4, 2002, Petitioner pled guilty to armed robbery, attempted armed robbery, and conspiracy to commit armed robbery. (Pet. at 1). Petitioner was sentenced to thirty-five years. *Id.* Petitioner did not file a direct appeal. (Pet. at 2).

On May 25, 2010, Petitioner filed a pro se application for post-conviction relief ("PCR") which was dismissed on January 14, 2011. (Pet. at 3). On April 28, 2011, the South Carolina Supreme Court denied Petitioner's petition for a writ of certiorari. (Pet. at 5).

Petitioner filed the instant § 2254 petition on August 10, 2011.[1] As the petition appeared untimely on its face, Magistrate Judge Austin issued an Order to Show Cause requiring petitioner to show cause as to why his petition should not be dismissed as untimely. (Dkt. # 10). Petitioner filed a response. (Dkt. # 14). Subsequently, however, Magistrate Judge Austin filed a Report finding Petitioner's § 2254 habeas petition time-barred pursuant to 28 U.S.C. § 2244(d) and recommending dismissal. Petitioner filed objections to the Report on December 19, 2011.

## Discussion

In his objections, Petitioner argues that he can raise the lack of subject matter jurisdiction at any time, the claims he now raises are based on newly discovered evidence, and the court should apply equitable tolling because of ineffective assistance

---

[1]The petition was hand delivered to the Clerk of Court's Office on August 10, 2011. Accordingly, Petitioner is not entitled to the benefit of the ruling set forth in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). Thus, the court has used the date the petition was received by the Clerk of Court as the filing date.

of counsel, lack of legal knowledge, and an inadequate prison library. As discussed below, Petitioner has not provided any reason to disagree with the Magistrate Judge's conclusion that Petitioner is not entitled to statutory or equitable tolling.

To the extent that Petitioner relies on newly discovered evidence to delay the commencement of the limitations period pursuant to § 2244(d)(1)(D), the court finds this argument to be without merit.  As set out above, § 2244(d)(1)(D) provides that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The relevant date in examining § 2244(d)(1)(D) is the date that Petitioner could have discovered through the exercise of reasonable diligence the claims presented in his Petition. *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003)(holding the one-year period to file a petition is triggered under § 2244(d)(1) (D) when the petitioner could have discovered the factual predicate of his claim through public sources.) The relevant inquiry is "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."  *Owens* v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000).

Here, the issues Petitioner raises in his petition could have been raised on direct appeal or in his first PCR.  Petitioner claims prosecutorial misconduct based on the allegation that the state prosecutor proceeded on void indictments and lack of subject matter jurisdiction, also based on the allegation that the indictments were void. Petitioner contends that he first discovered the defects in the indictments in April 2010 when he received copies of the indictments which he had requested the month before. However, Petitioner clearly relies upon records that were available at the time of his prosecution in 2002.  Petitioner has failed to show that he qualifies for statutory tolling

under the newly discovered factual predicate provision.

Petitioner also contends that he is entitled to the application of equitable tolling because of ineffective assistance of counsel, lack of legal knowledge, and an inadequate prison library. "Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (internal quotation marks omitted).  Petitioner's pro se status does not entitle him to the application of equitable tolling of the statute of limitations.  Unfamiliarity with the legal process and lack of representation also do not constitute grounds for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Likewise, negligence by counsel does not warrant equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2564 (2010).  Nor do prison conditions, such as an inadequate library, transfers, lockdowns, or misplacement of legal papers, normally provide a basis for equitable tolling.  *Harry v. Johnson*, 2006 WL 3299992, *3 (E.D.Va. 2006) (allegations of inadequate prison law libraries); *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004)(lockdowns); *Allen v. Johnson*, 602 F.Supp.2d 724, 727–28 (E.D.Va. 2009)(transfers and lockdowns). Petitioner simply has not shown the existence of extraordinary circumstances beyond his control that would have prevented him from filing this federal habeas petition within the one-year limitations period. Nor has Petitioner shown that he acted with the diligence required to render equitable tolling appropriate to this case.

Petitioner also contends that the court should consider the Petition because subject matter jurisdiction can be raised at any time.[2] This contention is without merit.

---

[2]Petitioner raises claims regarding alleged defects in his state indictment. While these claims are time-barred under the AEDPA for the reasons stated above, the court notes that, even assuming arguendo, that these claims are not time-barred, "[v]ariances and other deficiencies in state court indictments are not ordinarily a basis of federal

"[A] state court's determination of its subject matter jurisdiction is not cognizable on federal habeas review." *Dowdy v. Warden, Broad River Corr. Inst.*, No. 8:07–cv–1706–PMD, 2008 WL 2462823, at *4 (D.S.C. June 13, 2008).

> Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law. Thus, the frequently quoted [maxim] that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court." In other words, it is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists. This court does not review determinations of state law made by South Carolina courts.

*Johnson v. McCall*, No. 4:08–cv–3840–CMC–TER, 2010 WL 960335, at *1 n. 1 (D.S.C. March 12, 2010) (*citing Pulley v. Harris*, 465 U.S. 37, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984), and *Wright v. Angelone*, 151 F.3d 151 (4th Cir.1998)).

Based on the foregoing, the court concludes that Petitioner's § 2254 petition was filed after expiration of the AEDPA's one-year limitation period and Petitioner has not shown that he is entitled to statutory or equitable tolling. Accordingly, this § 2254 petition should be dismissed as time-barred. After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (Dkt. # 18) and incorporates it herein. It is therefore **ORDERED** that the habeas petition is **DISMISSED** with prejudice.

---

habeas corpus relief . . . ." *Ashford v. Edwards*, 780 F.2d 405, 407 (4th Cir.1985). Furthermore, "[a] defective or insufficient indictment does not raise an issue of subject matter jurisdiction which could be raised at any time." *Johnson v. McCall*, No. 4:08–cv–3840–CMC–TER, 2010 WL 960335 at *1 n. 1 (D.S.C. March 12, 2010) (citing *State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (S.C. 2005)). Rather, the indictment is simply a notice document and challenges to an indictment must be made before the jury is sworn. *Gentry*, 610 S.E.2d at 500. Accordingly, these claims are not only time-barred, but also without merit.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
January 6, 2012

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.